Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4685 | **DATE** | 10/18/2001 |
| **CASE TITLE** | PATRICE BOUVAGNET vs. JEAN CHIN BOUVANET | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ms. Bouvagnet's motion to abstain, stay or dismiss is hereby granted Enter Memorandum opinion and order. This case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 2 2 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG courtroom deputy's initials | | 01 OCT 19 PM 3: 35 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PATRICE BOUVAGNET | ) | |
| | ) | |
| Petitioner, | ) | 01 C 4685 |
| | ) | |
| v. | ) | Judge Ronald A. Guzman |
| | ) | |
| JEAN CHIN BOUVAGNET | ) | |
| | ) | |
| Respondent. | ) | |

DOCKETED
OCT 2 2 2001

## MEMORANDUM OPINION AND ORDER

Patrice Bouvagnet brought this action under the Hague Convention, seeking the return of his children from his wife, the children's mother. Before the Court is Ms. Bouvagnet's motion to abstain, stay or dismiss her husband's Hague Convention petition. For the reasons discussed below, Ms. Bouvagnet's motion is granted and the Court will abstain as required pursuant to the *Younger* abstention doctrine.

### Facts

Mr. Bouvagnet is a French physician. His wife, Ms. Bouvagnet, is a citizen of the United States. Their twin children, the subject of this action, were born in France in 1995. The children lived in France until December 1998, when they moved to the United States with Ms. Bouvagnet.

In November 1998, one month before Ms. Bouvagnet and the children moved to the United States, Mr. And Ms. Bouvagnet "mutually and amicably" filed for a divorce in France. That proceeding, however, was dismissed in December 1999 for want of prosecution. It appears

1



from the documents created in preparation for the French proceeding that the parties intended to exercise joint custody over their children.

Ms. Bouvagnet and the children came to live in the United States in December 1998, when Ms. Bouvagnet took a job as a flight attendant for United Airlines in Chicago. Mr. Bouvagnet allowed Ms. Bouvagnet take the children to the United States with her. According to Mr. Bouvagnet, his consent was given on the understanding that the children's visit to the United States was to be temporary and that Ms. Bouvagnet would return to France with the children once she could secure a job transfer back to France. Ms. Bouvagnet believes that Mr. Bouvagnet knew that the relocation to the United States with the children would be permanent, since they both recognized that the marriage was irretrievably broken.

On February 17, 2000, two months after the French divorce proceeding was dismissed, Ms. Bouvagnet filed for a divorce in the Circuit Court of Cook County, requesting sole custody of the children. Although Mr. Bouvagnet challenged the jurisdiction of the Illinois court, his motion to quash service of process was denied on May 24, 2000.

The circuit court judge granted Ms. Bouvagnet temporary custody of the children on July 13, 2000, and the parties entered into an agreed order regarding child support and contribution to school on August 16, 2000. The court set trial for June 25-27, 2001 to dispose of all pending issues, including custody, visitation and the distribution of property. Discovery was conducted in preparation for the trial.

In March 2001, the court denied Mr. Bouvagnet visitation with his children in France. Soon thereafter, Mr. Bouvagnet brought a motion to continue the trial, citing his intention to file a Hague Convention petition in federal court. The circuit court struck the trial dates on May 7 2001, and Mr. Bouvagnet filed this Hague Convention petition with this Court on June 20, 2001.

## Discussion

The issue is whether the Court should abstain from adjudicating Mr. Bouvagnet's Hague Convention petition in recognition of the custody proceeding pending in state court.

### A. ICARA and the Hague Convention

Congress enacted the International Child Abduction Remedies Act ("ICARA") to implement the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), a treaty to which the United States and France are signatories. 42 U.S.C. § 11601(b)(1). The objects of the Convention are: (1) "to secure the prompt return of children wrongfully removed to or retained in any Contracting State," and (2) "to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States." The Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, art. 1, T.I.A.S. No. 11670, 19 I.L.M. 1501, 1501.

The Hague Convention applies where a child has been removed or retained away from his or her habitual residence in breach the custody rights that the petitioner (parent) was exercising at the time of the wrongful removal or wrongful retention. Hague Convention, art. 3. For this reason, a petitioner seeking the return of the child has the burden to show by a preponderance of the evidence that he or she was exercising custody rights at the time of the removal and that the removal was wrongful. 42 U.S.C. § 11603(e)(1)(A).

If the petitioner meets this burden, and the action is brought within one year after the wrongful removal or retention of the child, the court must order the return of the child. The court must also order the return of the child when the action is brought after the expiration of the

one year period, unless it is demonstrated that the child is settled in his or her new environment. Hague Convention, art. 12.

## B.     *Younger* Abstention

Ms. Bouvagnet requests that the Court abstain under the doctrine set forth by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), to allow the state court to adjudicate the Hague Convention petition and the underlying custody issues at the same time. A federal court may abstain under certain circumstances when a state judicial proceeding is pending. *Philip Morris, Inc. v. Blumenthal*, 123 F.3d 103, 105 (2nd Cir. 1997). However, when all of the requirements of *Younger* are present, the federal court must abstain, absent "a showing of bad faith, harassment or other extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 435 (1982). There are three requirements for *Younger* to apply: (1) pending or on-going state proceedings which are judicial in nature; (2) the state proceedings must implicate an important state interest; and (3) the state proceedings must afford an adequate opportunity to raise any constitutional issues. *O'Neill v. City of Philadelphia*, 32 F.3d 785, 789 (3rd Cir. 1994) (citing *Middlesex County*, 457 U.S. at 432).

Before proceeding to the *Younger* requirements, the Court will address three of Mr. Bouvagnet's preliminary arguments. First, he argues that the court should not abstain, as as he is not asking this Court to enjoin or dismiss the state proceedings. The Court disagrees. An order directing the return of the children to a foreign country would have the effect of enjoining the state custody proceeding. *See Grieve v. Tamerin*, 00-CV-3824(JG), 2000 U.S. Dist. Lexis 12210, at *7 (E.D.N.Y. 2000). In fact, Mr. Bouvagnet has effectively enjoined the state custody

4

proceeding by notifying the state court of his intention to file a Hague Convention petition in federal court.

Mr. Bouvagnet also alleges that the Court would be awarding Ms. Bovagnet for forum shopping if it chooses to abstain. However, the Court does not see Ms. Bovagnet's actions as forum shopping, given that the French divorce proceeding had been dismissed for want of prosecution and that Ms. Bovagnet had been living in Chicago for more than a year prior to filing the state court action at issue. The fact that Ms. Bouvagnet was willing to adjudicate her dissolution in France and the proceedings in Cook County were not filed until after the French court proceedings were dismissed for want of prosecution militates against an inference of forum shopping.

Finally, although Mr. Bouvagnet acknowledges that the scope of the *Younger* doctrine has expanded over the years, he argues that it does not apply to Hague Convention cases, as this doctrine is typically applied when a plaintiff files in federal court requesting the court to enjoin or dismiss a pending state criminal action on the grounds that the statute under which he is being prosecuted is unconstitutional. The Court does not find this argument to be persuasive as Ms. Bouvagnet has cited to cases in which federal courts have abstained from adjudicating Hague Convention petitions in accordance with *Younger*. *See, e.g., Bowden v. Sigg*, No. 2:99-CV-908k (C.D. Utah Dec. 22, 1999). Having addressed these preliminary arguments, the Court will proceed to an analysis of whether the *Younger* requirements are satisfied.

With respect to the first requirement of *Younger*, it is undisputed that the dissolution of marriage and the custody proceedings currently pending in the Circuit Court of Cook County between Mr. Bouvagnet and Ms. Bouvagnet are judicial in nature. However, Mr. Bouvagnet argues that this federal abduction action is completely different from the pending state custody

proceeding in that it deals only with whether or not the children should be returned to him in France pending a custody determination by a French court.

The Court finds the distinction drawn by Mr. Bouvagnet to be superficial. This is not a typical Hague Convention action brought swiftly by one parent to obtain the immediate return of the children to their country of origin. Mr. Bouvagnet did not seek the return of the children until the children had lived in the United States for two and a half years. In fact, he did not file his Hague Convention petition until more than a year after he was served with the Illinois divorce case, and after the circuit court had denied him visitation with his children in France.

It is also important to note that the two proceedings need not be identical for *Younger* to apply. *See Bowden v. Sigg*, No. 2:99-CV-908k at 3. Instead, the relevant inquiry is whether Mr. Bouvagnet has the right to raise his ICARA claim in state court. *Id.* Finally, the Court notes that the proceedings here are somewhat similar because the evidence that will be used to determine whether the children are settled in their new environment, a determination required by the Hague Convention under the present circumstances,[1] will also be used for the required determination of the best interests of the children in the custody proceedings.

With respect to the second *Younger* requirement, it is well-settled that states have a strong interest in domestic relations matters generally and child custody questions in particular. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). "The realm of domestic relations is and has been traditionally governed by state law." *Kitchens v. Bowen*, 825 F.2d 1337, 1340 (9th Cir. 1987). The Court finds that both the child custody action and the Hague Convention petition implicate important state interests. While Mr. Bouvagnet is correct that a parent is not permitted to raise child custody issues in a Hague Convention petition, Hague Convention petitions unquestionably

---

[1] Since the children have been away from France for more than a year, there must be an inquiry into whether they have settled in their new environment.

"raise issues which involve domestic relations," which is a state interest. *See Gerbatsch v. Gerbatsch*, 99-cv-728-J, 5 (S.D. Cal. 1999).

Finally, with respect to the third *Younger* requirement, ICARA explicitly vests concurrent jurisdiction over Hague Convention claims in federal and state courts.[2] *See* 42 U.S.C. § 11603(a). As such, there is a strong presumption that state court provides a petitioner with an adequate opportunity to litigate his Hague Convention claims. It is important to note that Mr. Bouvagnet has never raised his ICARA claim in the state court.[3] As he has not attempted to litigate his claim in state court, he has not demonstrated that the state courts will not afford him an adequate opportunity to litigate his federal claim. Absent such a showing, abstention is required.

Ms. Bouvagnet also argues that the Court should abstain under the abstention doctrine originally set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Because the Court finds abstention mandatory under *Younger*, it is not necessary to undergo an analysis under *Colorado River*.[4]

---

[2] The Court agrees with Mr. Bouvagnet that the federal court is an appropriate forum for a Hague Convention petition. However, ICARA has granted concurrent jurisdiction to the state and federal courts, and therefore his argument that the federal court is the superior forum is without merit.

[3] The relevant inquiry is whether the petitioner had the right to raise the ICARA claim in the state court; whether the petitioner did so is not relevant. *Bowden*, No. 2:99-CV-908K at 3-4.

[4] Mr. Bouvagnet relies heavily on *Lops v. Lops*, 140 F.3d 927 (11th Cir. 1998). In *Lops*, the Eleventh Circuit affirmed a district court's decision not to abstain from a Hague Convention action under the *Colorado River* doctrine. *Lops* is not helpful because it is not decided under the *Younger* doctrine.

## Conclusion

For the abovementioned reasons, the Court will abstain as required by *Younger* and Ms. Bouvagnet's motion to dismiss is hereby granted.

**SO ORDERED:**

ENTER. 10/18/01

HON. RONALD A. GUZMAN
United States Judge